HELENE N. WHITE, Circuit Judge,
concurring.
The majority finds that the officers’ entry into the bedroom met a “general standard of reasonableness” threshold under the Fourth Amendment, and therefore, was not an unconstitutional search. I am sympathetic to the basic premise of the majority’s opinion — officers lawfully conducting an in-home arrest should be able to take reasonable measures to secure the scene, and stepping with Tucker into the bedroom was reasonable. I -write separately, however, because it was nonetheless a Fourth Amendment search and, I believe, should be assessed under case law applicable to searches.
The majority relies on Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), and Cherrington v. Skeeter, 344 F.3d 631 (6th Cir.2003), to reach its decision. Both decisions address the constitutionality of detentions, not searches. Summers held that officers may detain' occupants of a residence during the execution of a search warrant. Summers, 452 U.S. at 702, 101 S.Ct. 2587. Cherrington—a 42 U.S.C. § 1983 case addressing the alleged seizure of an arrestee mother’s two-year-old child — cited United States v. Enslin, 327 F.3d 788, 797 n. 32 (9th Cir.2003), for the proposition that Summers permits the detention of occupants during the in-home execution of arrest warrants, as well as search warrants. Cherrington, 344 F.3d at 638. Neither Summers nor Cherrington holds, as the majority opinion concludes, that the authority to detain occupants during the in-home execution of an arrest warrant carries -with it the authority to enter areas of the home that are otherwise constitutionally off-limits.
Established precedent applicable to searches is, I think, both more responsive to the officers’ conduct and adequate to assess its constitutionality. Without regard to the purpose for their entry, the officers’ entry into the bedroom constituted a Fourth Amendment search. See Kyllo v. United States, 533 U.S. 27, 33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001) (“[A] Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable.”); Minnesota v. Olson, 495 *772 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990) (recognizing a reasonable expectation of privacy in one’s bedroom). War-rantless searches of the home are “ ‘per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well delineated exceptions.’ ” Coolidge v. New Hampshire, 403 U.S. 443, 474-75, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) (quoting Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)).
Here, the officers had an arrest warrant that allowed them to enter the apartment. See United States v. Pruitt, 458 F.3d 477, 483 (6th Cir.2006) cert. denied, 549 U.S. 1283, 127 S.Ct. 1814, 167 L.Ed.2d 325 (2007). But once the officers found Ocean in the hallway, the arrest warrant did not authorize any further search of the apartment. See El Bey v. Roop, 530 F.3d 407, 420 (6th Cir.2008) (“[Ojnce the subject of an arrest warrant is found within a home, ‘the arrest warrant does not justify a more intrusive search of the premises’ ”) (quoting United States v. Stover, 474 F.3d 904, 911 (6th Cir.2007)).
Officers who enter an apartment to execute an arrest warrant may conduct a “protective sweep” of areas that could harbor an individual posing a danger to those on the arrest scene. See Maryland v. Buie, 494 U.S. 325, 335, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). Here, however, Gardner and Carpenter — the only officers to testify at the suppression hearing — both stated unequivocally that they were not conducting a protective sweep when they took Tucker into the bedroom. And because the government did not contend that officers entered the bedroom during a protective sweep, it never made the showing required to justify one. Id. at 334, 110 S.Ct. 1093 (requiring a showing of “articu-lable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be searched harbored] an individual posing a danger to those on the arrest scene”).
Consent is also a well-recognized exception to the warrant requirement. See Schneckloth v. Bustamante, 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). If Tucker had consented to a search of the bedroom, the constitutionality of the entry would not be in question. But neither officer testified that Tucker was asked for or gave her consent to the officers’ entry into the bedroom, and the district court did not find that she consented. The majority notes the district court’s observation that no one testified that Tucker “was dragged or forced into the bedroom,” but that observation is not the same as a finding that Tucker consented to the search, and in fact, Tucker’s mere failure to resist or object when the officers took her into the bedroom is not the legal equivalent of consent. See United States v. Worley, 193 F.3d 380, 387 (6th Cir.1999) (“ ‘[Acquiescence cannot, of course, substitute for free consent.’ ”) (quoting United States v. Berry, 670 F.2d 583, 596 (5th Cir.1982)(en banc)); see also United States v. Most, 876 F.2d 191, 199 (D.C.Cir.1989) (“It is clear, however, that for constitutional purposes nonresistance may not be equated with consent.”).
That leaves us with the question whether the officers’ warrantless search of the bedroom was “reasonable” because exigent circumstances compelled the officers’ conduct. See Mincey v. Arizona, 437 U.S. 385, 393-94, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) (recognizing an exception to the warrant requirement where “ ‘the exigencies of the situation’ make the needs of law enforcement so compelling that the war-rantless search is objectively reasonable under the Fourth Amendment”). The facts support a finding of exigency here. *773 Ocean was arrested in the narrow front hallway of the apartment. When officers took Tucker into the bedroom, Ocean was still being placed under arrest in the hallway between the kitchen and bathroom doors. Tucker, meanwhile, had disappeared into and then re-emerged from the bedroom, farther down the hall, and at the time the officers stepped back with her into the room was approaching Ocean in the hallway. The officers could reasonably have believed in those circumstances — a hectic arrest scene in close, unfamiliar quarters — that they needed to quickly remove Tucker from Ocean’s vicinity both to prevent injury, because Ocean had not yet been placed in handcuffs and Tucker was moving freely around the apartment, and to preserve evidence, by preventing Tucker and Ocean from communicating. Because Ocean was between Tucker and the front door, stepping into one of the rooms off the hallway was the only viable means of doing so. Accordingly, I would find that exigency justified the search, and I concur in the judgment.